# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BEE VUE,**

    **Plaintiff,**

 v.                                                                                       **Case No. 23-CV-981**

**MICHAEL D. MOORE,** *et al.*,

    **Defendants.**

## ORDER

Plaintiff Bee Vue who is incarcerated and representing himself, filed a motion to waive the initial partial filing fee. (ECF No. 11.) On August 14, 2023, the court assessed an initial partial filing fee of $15.80, which was due on September 13, 2023. (ECF No. 9.) Vue requests the court to allow him to proceed without paying the initial partial filing fee because he currently does not have the funds in his trust account. (ECF No. 11.)

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. § 1914(a). It also requires a party filing a complaint to pay a $52 administrative fee. Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective May 1, 2013, #14. The law does *not* allow the court to waive the filing fee in full if the person filing the complaint is a prisoner. Rather, it says that if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $52.00 administrative fee is waived, and (b) the court may

allow the prisoner to pay the $350.00 by paying an initial partial filing fee followed by monthly installments until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. § 1915(b).

The court's assessment of the $15.80 initial partial filing fee was based on the certified copy of Vue's prisoner trust account statement for the six month period immediately preceding the filing of the complaint. (ECF No. 5.) The statement showed that Vue had an average monthly deposit in the account of $79.00 and that the average monthly balance is $13.03. The court determined that Vue owed an initial partial filing fee of $15.80. (ECF No. 9 at 2.)

The court's review of Vue's trust account statement reveals that he is already paying fees for copies, commissary, and phone time. So, while he has regular deposits, his income is going toward paying for those items. The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Based on his trust account statement, Vue has the means to pay the initial partial filing fee. The court will give Vue one last chance to pay the initial partial filing fee. The must receive the initial partial filing fee of $15.80 by the end of the day on **November 8, 2023**. The court reminds Vue that if he does not have the funds available in his regular account to make the initial partial payment of $15.80, **he may use funds from his release account**. If the court does not receive the initial partial filing fee by the deadline, it will dismiss this case without prejudice. If Vue does not want to pursue this lawsuit at this time, he does not need to take any further action.

**IT IS THEREFORE ORDERED** that Vue's motion to waive the initial partial filing fee (ECF No. 9) is **DENIED.** Vue must pay the initial partial filing fee of $1.44 by the end of the day **November 8, 2023**. If the court does not receive the initial partial filing fee by that date, it will dismiss this case without prejudice based Vue's failure to pay the initial partial filing fee. If Vue no longer wants to pursue this case, he does not need to take any further action.

Dated at Milwaukee, Wisconsin this 25th day of October, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge